IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLON,<br><br>Plaintiff(s),<br><br>v.<br><br>TITAN CHAIR LLC.,<br><br>Defendant(s). | Case No. 1:23-cv-01111<br>Judge John J. Tharp, Jr. |

## ORDER

Plaintiff's application to proceed in forma pauperis [11] is denied as untimely; judgment was entered against the plaintiff for want of prosecution on 2/10/23. That judgment was entered without prejudice, leaving the defendant free to refile the case, but that judgment does not allow the plaintiff simply to resubmit in forma pauperis petitions at anytime thereafter. Plaintiff filed a new IFP petition within a week of the entry of the Judgment and the Court therefore construed that submission as a motion to vacate the Judgment timely filed within the period allotted by Rule 59(e), but the motion did not cure the defects in the original IFP petition and was therefore denied. Plaintiff's current IFP petition, however, filed three months after entry of the Judgment, is untimely and is denied on that basis. If Plaintiff seeks to pursue his claims further, he must file a new case. Before doing so, however, Plaintiff should consider that he will incur a new obligation to pay the filing fee for a second case (in other words, he will owe two filing fees rather than one). In addition, Plaintiff should be advised that the present complaint is unclear as to whether it is an original complaint or an attempt to remove the underlying case from Illinois state court. And in any event, the Seventh Circuit has recognized "the longstanding rule that domestic disputes involving divorce, custody or alimony issues are the province of state courts and [has] emphasized that this rule [is] a limitation on federal jurisdiction." Allen v. Allen, 48 F.3d 259, 261 (7th Cir.1995); see also Lloyd v. Loeffler, 694 F.2d 489, 492 (7th Cir.1982) ("The typical divorce decree provides for ... child support payments ... [C]hild support ... often entail[s] continuing judicial supervision ... The federal courts are not well suited to this task ... When a case must begin in state court, as a divorce or custody case must, retention of any ancillary litigation ... is within the exclusive jurisdiction of the state courts."). Accordingly, it appears that this Court does not have jurisdiction to rule over the plaintiff's claims. To the extent the plaintiff seeks to claim that his constitutional rights were violated by the state proceedings, his complaint contains only conclusory allegations to that effect; in other words, there are no concrete allegations of how exactly any of his rights were violated. Plaintiff should address these deficiencies if he chooses to pursue his claims in a new case.

Date: 5/15/2023                                        /s/ John J. Tharp, Jr.
                                                       John J. Tharp, Jr.
                                                       United States District Judge